MILTON G. SHAW, and others, Appellants,

*vs.*

COUNTY COMMISSIONERS.

Piscataquis.    Opinion December 27, 1897.

*Way.    Committee.    R. S., c. 18, § 44.*

Upon an appeal from the decision of county commissioners in locating a highway, the appellate court may appoint a member of the committee in the place of a member thereof who dies or declines to act, if seasonably done.

ON EXCEPTIONS BY APPELLEES.

The case is stated in the opinion.

*H. Hudson and A. M. Robinson,* for appellants.

*W. E. Parsons,* for appellees.

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, WISWELL, JJ.   SAVAGE, J., did not sit.

HASKELL, J.   Motion to dismiss an appeal from the decision of county commissioners on petition to locate a highway in an unincorporated township, because the committee was appointed too late.

The appeal was seasonably entered at the February term, 1896, when a committee was appointed.   One of the committee died the following vacation, and another was appointed in his place at the next term.   During the ensuing vacation that appointee declined the appointment, and another was appointed in his place at the next term, February term, 1897, when a motion to dismiss was filed and overruled and exceptions taken.   A warrant to the

new committee was issued during the following vacation, and this case was entered in the law court upon the exceptions in the following July, before the committee could have acted and returned their report to court. The case was still pending and in progress, for that committee must act and report at the second succeeding term or not at all, and it would be awkward to have the authority of such committee adjudged void by the law court while they necessarily must act under the apparent authority given them by their warrant. This case is, therefore, prematurely brought up. It should have rested below until the coming in of the report of the committee, when all questions could be considered and a final judgment entered which could be reviewed once for all by the law court that cannot well consider a case piecemeal. *Phillips* v. *Co. Com.*, 83 Maine, 541; *Millett* v. *Co. Com.*, 81 Maine, 257.

Inasmuch as the authority of the committee is ample and their appointment regular, we are pleased to decide the question; although if our decision were to be otherwise we could not justly do so and leave a committee required to act and incur expense with their authority revoked and no case existing where their fees and expenses could be considered.

Revised Statutes, c. 18, § 44, gives an appeal to the next Supreme Judicial Court and provides:—"If the appeal is then entered, not afterwards, the court may appoint a committee of three disinterested persons, who shall be sworn, and if one of them dies, declines or becomes interested, the court shall appoint another in his place; . . . . they shall view the route, hear the parties, and make their report at the next or second term of the court after their appointment."

Statutes are intended to be operative, and not inoperative. This statute intended a committee that could act, and limited the time of their report to the second term after their appointment. That appointment was finally and legally made at the February term, 1897. It could not have been made at an earlier day. There was no unnecessary delay, no inaction that the parties could have avoided. The appointment was within the express terms of the statute.

*Exceptions overruled.*